IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARJORIE CLARK, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 1:19-cv-00519-LMM |
| v. ) | |
| ) | |
| GEORGIA SPINE AND ) | JURY TRIAL DEMANDED |
| ORTHOPAEDICS OF ATLANTA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Marjorie Clark ("Plaintiff"), and Defendant Georgia Spine and Orthopaedics of Atlanta, LLC ("Defendant") (Plaintiff and Defendant collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

I. **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a

settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA.  The Parties dispute whether Plaintiff was entitled to overtime compensation as Defendant contends Plaintiff was subject to the administrative exemption to the overtime requirements of the FLSA. The Parties also dispute the number of overtime hours Plaintiff worked, if any, during her employment with Defendant.  The Parties further dispute whether liquidated damages are appropriate.  Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260.  Plaintiff contends that liquidated damages are appropriate.  Finally, the Parties further dispute whether the appropriate

remedy for the allegedly unpaid overtime is "half-time" of Plaintiff's "regular rate" or "time-and-a-half" of Plaintiff's "regular rate." The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A". Plaintiff alleges that, from May 21 – October 31, 2018, a total of 23 weeks, she was misclassified by Defendant as exempt from the overtime requirements of the FLSA. During this period, Plaintiff was paid on a salary basis and she contends that she regularly worked unpaid overtime. Plaintiff's weekly salary during this period was $1,076.92. Plaintiff contends that she worked 228.75 overtime hours during the course of her employment.

Based on the foregoing, Plaintiff's maximum potential overtime if Defendant prevailed on the rate issue, and using a 50 hour workweek for ease of calculation, would be $2,461.35.[1]

The Parties' proposed settlement will provide Plaintiff with $11,331.96, less applicable wage withholdings, on her FLSA overtime claim. Thus, Plaintiff is receiving more than the amount of unpaid overtime compensation and liquidated damages to which she could be entitled if Defendant were to prevail on the rate issue in litigation. Pursuant to Plaintiff's contingency fee agreement, Plaintiff's counsel will receive $8,000 in attorney's fees, and $668.04 in expenses.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss this action with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted, this 11th day of June, 2019.

---

[1] (228.75 overtime hours (x) $10.76 half time rate = $2,461.35 in overtime compensation).

<table>
<tr><td>

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
BARETT & FARAHANY
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309
Telephone:   404.214.0120
Facsimile:    404.214.0125
severin@justiceatwork.com


Counsel for Plaintiff

</td><td>

*/s/ Desmond M. Dennis*
Desmond M. Dennis
Georgia Bar No. 511943
Gary S. Freed
Georgia Bar No. 275275
FREED GRANT LLC
101 Marietta Street
Suite 3600
Atlanta, GA 30303
Phone: 470.839.9300
Fax:     470.839.9301
desmond@freedgrant.com
gary@freedgrant.com


Counsel for Defendants
*With permission by VSR

</td></tr>
</table>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARJORIE CLARK, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 1:19-cv-00519-LMM |
| v. ) | |
| ) | |
| GEORGIA SPINE AND ) | JURY TRIAL DEMANDED |
| ORTHOPAEDICS OF ATLANTA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of June 2019.

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
