# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("**Agreement**") is made by and between Georgia Spine & Orthopaedics of Atlanta, LLC ("**GSO**") and Marjorie Clark ("**Clark**") (collectively, "**Parties**") and will become effective on the date specified in paragraph 8 below.

## RECITALS

**WHEREAS**, on January 31, 2019, Clark filed suit against GSO in the United States District Court for the Northern District of Georgia, Case No. 1:19-cv-00519 ("**Lawsuit**") alleging that GSO violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* ("**FLSA**") and retaliated against her in violation of the FLSA.

**WHEREAS**, GSO denies the allegations in the Lawsuit and denies that it is liable to Clark;

**WHEREAS**, the Parties engaged in settlement discussions through their respective counsel and now wish to resolve all claims in the Lawsuit; and

**WHEREAS**, the Parties have agreed to enter this Agreement for the purposes of settling, compromising and resolving any and all claims Clark may have against GSO and any of its officers, managers, agents, representatives, employees, subsidiaries, or parent entities.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. **Dismissal of Suit**. The Parties agree that, upon payment of the Settlement Payment, Clark will voluntarily dismiss the Lawsuit with prejudice. The Parties further covenant and agree not to assert, reinstate, or reasssert any claims, cross-claims, or counterclaims raised in the Lawsuit, or which could have been raised in the Lawsuit.

2. **No Admission of Liability**. Clark understands and agrees that GSO admits no liability with respect to any claim related to or arising out of her association with GSO, or any other matters. GSO expressly denies liability for any and all claims asserted by Clark, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms. GSO has agreed to this Agreement solely to avoid the expense of continued litigaiton.

3. **Advice of Counsel**. Clark acknowledges that she has consulted with her attorneys of record, Barrett & Farahany, LLP, and has been fully informed about the terms and conditions of this Agreement. After carefully considering this Agreement, Clark has elected to participate in the settlement and to execute this Agreement. By executing this Agreement, Clark understands the terms and conditions of this Agreement, knows that she is giving up important rights, has elected to participate in the settlement, signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Clark further represents and warrants that

she has not relied on any inducements, promises, or representations from any person, other than the terms and conditions set forth in this Agreement.

4. **Settlement Funds.** Without admitting any liability, GSO has offered to pay, and Clark has agreed to accept from GSO, the total sum of $40,000.00 (the "**Settlement Payment**") in full settlement and satisfaction of any claims Clark may have against GSO existing prior to the execution of this Agreement (including, but not limited to, claims by Clark for attorneys' fees and costs) and shall constitute the only sums to be paid by GSO to Clark or her attorneys.

5. **Initial Payment of Settlement Funds.** Within five (5) business days of the Court's approval of settlement of the Lawsuit, GSO shall pay or cause to be paid $20,000 of the Settlement Payment, which shall be disbursed by checks made payable as follows:

**MARJORIE Clark**: $11,331.96 in satisfaction of any claims by Clark for alleged violation of the FLSA's overtime provisions by GSO or any of the Releasees (defined below), as alleged in Count I of Clark's Complaint in the Lawsuit.

**BARRETT & FARAHANY, LLP**: $8,668.04 in satisfaction of any claim by Clark or her attorneys against GSO or any of the Releasees (defined below) for an award of attorneys' fees and costs for alleged violation of the FLSA's overtime provisions, as alleged in Count I of Clark's Complaint in the Lawsuit.

6. **Final Payment of Settlement Funds.** Within fifteen (15) days of the Court's approval of settlement of the Lawsuit, GSO shall pay or cause to be paid the remaining $20,000 of the Settlement Payment, which shall be disbursed by checks made payable as follows:

**MARJORIE CLARK**: $12,000 in satisfaction of any claims by Clark for alleged retaliation under the FLSA by GSO or any of the Releasees (defined below), as alleged in Count II of Clark's Complaint in the Lawsuit, and all other claims Clark may have against GSO or any of the Releasees (defined below).

**BARRETT & FARAHANY, LLP**: $8,000 in satisfaction of any claim by Clark or her attorneys against GSO or any of the Releasees (defined below) for an award of attorneys' fees and costs for alleged retaliation under the FLSA, as alleged in Count II of Clark's Complaint in the Lawsuit, and all other claims Clark or her attorneys may have against GSO or any of the Releasees (defined below).

7. **General Release by Clark.** In consideration of the payments and promises herein, and as a material inducement for GSO to enter into this Agreement, Clark affirms as follows:

a. Clark hereby unconditionally releases, acquits, and forever discharges GSO, its parent companies, subsidiaries, affiliates, divisions, successors, insurers and assigns, and all of their owners, shareholders, members, general or limited partners, directors, officers, employees, agents, attorneys, and all successors and assigns thereof ("**Releasees**") from any and all claims, charges, complaints, demands, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, entitlements, costs, losses, debts, and expenses (including attorneys' fees and legal expenses) of any nature whatsoever, known or unknown,

which Clark now has, had, or may hereafter claim to have had against the Releasees by reason of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

      b. This release includes a knowing and voluntary waiver and release of any and all claims including, but not limited to, claims for nonpayment of wages or overtime, bonuses, breach of contract, fraud, loss of consortium, emotional distress, personal injury, injury to reputation, injury to property, intentional torts, negligence, wrongful termination, constructive discharge, retaliation, discrimination, harassment, and any and all claims for recovery of lost wages or back pay, fringe benefits, pension benefits, liquidated damages, front pay, compensatory and/or punitive damages, attorneys' fees, injunctive or equitable relief, or any other form of relief under any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law. Specifically included, without limitation, in this release is a knowing and voluntary waiver and release of all claims of employment discrimination, harassment, retaliation or any other claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000 et seq.); any claims under 42 U.S.C. § 1981; any claims under the Age Discrimination in Employment Act; any claims under the Older Workers Benefit Protection Act; any claims under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.); any claims under the Americans With Disabilities Act (42 U.S.C. § 12101 et seq.); any claims under the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.); any claims under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.); any claims under The Lilly Ledbetter Fair Pay Act of 2009; any and all federal or state laws pertaining to employment or employment benefits, and any and all other claims of any kind based on any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law, or other theory arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

      c. Clark expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against any or all the Releasees based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

      d. Clark further acknowledges that this general release extends also to claims that she does not know or suspect to exist in her favor at the time of executing this Agreement which, if known by her, might have materially affected her decision to execute this Agreement. Clark hereby knowingly and voluntarily waives and relinquishes all rights and benefits which she may have under applicable law with respect to such general release provisions.

    **8.** **<u>Release of Claims under the Age Discrimination in Employment Act ("ADEA") and Older Workers Benefit Protection Act ("OWBPA")</u>**. Clark UNDERSTANDS THAT SHE MAY TAKE UP TO TWENTY-ONE (21) DAYS TO CONSIDER WHETHER OR NOT SHE DESIRES TO ENTER INTO THIS AGREEMENT. Clark understands that the consideration she receives for this Agreement is in addition to that to which she was already entitled. Clark represents and warrants that she was not coerced, threatened or otherwise forced to sign this Agreement, and that her signature appearing hereinafter is genuine. Clark further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any representation or statement made by any of GSO's agents, representatives, or attorneys

with regard to the subject matter, basis, or effect of this Agreement, other than the written representations contained herein. Clark is advised to seek her own counsel regarding executing this Agreement. Clark understands that she may revoke this Agreement by notifying Gary S. Freed, Counsel for GSO, 101 Marietta St. NW, Suite 3600, Atlanta, Georgia 30303, in writing of such revocation within seven (7) days of her execution of this Agreement and that this Agreement is not effective until the expiration of such seven (7) day period. Clark understands that upon the expiration of such seven (7) day period, this Agreement will be binding upon her and her heirs, administrators, representatives, executors, successors and assigns and will be irrevocable. Clark understands that by signing this Agreement, she is giving up rights that she may have under the ADEA and the OWBPA as of the Effective Date of this Agreement and that she does not have to sign this Agreement.

9. **No Other Suits or Claims**. Clark represents that other than the above-referenced Lawsuit she has filed against GSO, she has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against GSO or any of the other Releasees with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board; nor is she aware of any facts that would serve as the basis for any civil or administrative proceeding. By entering into this Agreement, Clark waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by GSO or the other Releasees that occurred on or prior to the date Clark executes this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, Georgia Department of Labor or any other govenrment agency. The provisions of this paragraph shall not bar Clark from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which she is compelled lawfully to do so pursuant to a court order or subpoena. Morevoer, nothing herein prohibits Clark from cooperating with or participating in any investigation conducted by a federal, state or local agency.

10. **No Right of Employment**. Clark disclaims and waives any right to future employment with GSO, or with any of its related entities, and further agrees not to seek employment with GSO, or any of its related entities, now or at any future time. Clark also agrees to waive any right to perform work for GSO, or any of its related entities, in the future in any capacity (*e.g.*, as an independent contractor or temporary worker). Clark acknowledges that this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for refusing to employ or otherwise engage her.

11. **Indemnification**. Clark agrees to indemnify and hold harmless GSO from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority relating to taxes for which GSO is responsible in connection with the Settlement Payment. Clark further agrees to indemnify and hold harmless GSO from any claims of any attorney or law firm purporting to represent or to have represented Clark in any dispute with GSO. This indemnification includes any attorneys' fees and costs incurred by GSO related to such dispute.

12. **Confidentiality**. In consideration of the promises and payments set forth herein, and as a significant material inducement for GSO to enter into this Agreement:

a. Clark hereby represents and warrants that she has not discussed or disclosed the terms or conditions of this Agreement with any person or entity, other than her attorneys, tax advisors, or immediate family, as of the date she executes this Agreement.

b. Clark warrants, covenants, and agrees that, from the date of this Agreement and after, she will keep confidential and will not disclose to any other persons or entities the terms or conditions of this Agreement, except as specifically provided herein. Upon inquiry regarding the resolution of the issues resolved herein, she may state only that the Parties' "claims have been resolved", and she agrees not to discuss any other terms of the resolution, or words to that effect. Clark will not provide any information as to the terms or conditions of this Agreement to anyone, including but not limited to her former co-workers or to anyone communicating with her former co-workers employed by GSO, except as set forth expressly herein.

c. Clark may disclose the terms of this Agreement only to: (i) her attorneys; (ii) licensed, professional accountants or attorneys to whom disclosure is reasonably necessary for the preparation of tax returns and/or the obtaining of legal advice; (iii) as ordered by a court of competent jurisdiction or as otherwise required by law; or (iv) within proceedings before a court of competent jurisdiction in an action brought in good faith to enforce the provisions of this Agreement; provided that Clark will exercise her best efforts to cause persons to whom such disclosure is made to keep confidential and not disclose the terms of this Agreement. If Clark breaches this Paragraph, she will be required to remit the settlement payment set forth in Paragraph 4 above back to GSO.

13. **Non-Disparagement and Non-Interference**. For and in consideration of the payments, promises, and other consideration described in this Agreement, Clark agrees not to make any negative statements or to take any action which disparages or improperly criticizes GSO concerning any matter occurring prior to the execution of this Agreement, including but not limited to, discussing the allegations made by GSO with current or former employees of GSO, or, in writing or electronically to any other person or audience or other outlet via the internet and social media (such as Facebook, Twitter, a blog, or website). Additionally, Clark agrees as follows:

a. Clark agrees not to communicate or cause any person to communicate with the media or by using social media regarding this Agreement or any matter related to this Agreement including the underlying facts. Should a member of the media contact Clark or her counsel, Clark agrees to decline to comment on any issues related to this Agreement or the underlying facts.

b. Clark agrees not to voluntarily provide testimony or evidence regarding the issues addressed in or underlying this Agreement in any interview, conversation, investigation, hearing or trial, unless she is required to do so by court order. If Clark receives a subpoena or other legal document concerning any matter occurring prior to the execution of this Agreement, she agrees to notify Gary S. Freed, counsel for GSO, within three (3) business days of receipt of the legal document requiring her to provide this information. Even if Clark is subject to a subpoena, she agrees to state that the terms of this Agreement are confidential and further agrees not to discuss the contents of this Agreement unless ordered to do so by a court.

14. **Enforcement**. Any party shall have the right specifically to enforce this Agreement except for provisions which subsequently may be held invalid or unenforceable. If either party files suit to enforce this Agreement, the prevailing party shall be entitled to their reasonable attorneys' fees and costs of litigation. Clark further agrees that any failure on her behalf to comply with any term of this Agreement shall be considered a breach of the whole.

15. **Severability and Survival**. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

16. **Applicable Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, regardless of choice of law principles to the contrary.

17. **Mandatory Forum Selection**. The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts located within Fulton County, Georgia, over any claims arising under or relating to this Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

18. **Non-Assignment of Claims or Causes of Action**. Clark warrants and represents that she has made no assignment and covenants that she will make no assignment of the claims, demands or causes of action released herein.

19. **Authorship**. All Parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

20. **Execution in Counterparts**. The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

21. **Recitals**. The recitals are incorporated by reference.

22. **Entire Agreement**. This Agreement contains the entire agreement between the parties and may be modified only in a writing executed in the same manner as the original Agreement and no agreements, representations, or statements of any party relating to the subject matter of this Agreement not contained herein shall be binding on such party.

**NOW, THEREFORE,** the Parties have executed this Agreement freely and voluntarily, as of the date first written below.

[SIGNATURES ON FOLLOWING PAGE]

Dated this _____ day of _____, 2019.

_____
Marjorie Clark

and

Georgia Spine & Orthopaedics of Atlanta, LLC.

By: *L. Wallace* / Laura Wallace    6/11/19
Its: CEO/COO

Dated this \_\_11\_\_ day of \_\_June\_\_, 2019.

_____
**Marjorie Clark**

and

**Georgia Spine & Orthopaedics of Atlanta, LLC.**

_____
**By:**_____
**Its:**_____